HUITT *v*. ERMENTRAUDT.

5-3590                                         390 S. W. 2d 128

Opinion delivered May 17, 1965.

[Rehearing denied June 7, 1965.]

*Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*Martin, Dodds & Kidd,* for appellee.

ED. F. MCFADDIN, Associate Justice. This case stems from a traffic mishap involving a motorist (appellant)[*] and a pedestrian (appellee). The pedestrian received a judgment for personal injuries and the motorist brings this appeal, urging only one point, to-wit: "A verdict should have been directed in favor of appellants."[*]

After a careful study we conclude that a question of fact was made for the jury. Mr. Ermentraudt was walking down the right side of the highway and started across the road at a place not marked for crossing. The appellant, driving a 1955 car, came up behind Mr. Ermentraudt, who either walked into the side of the car or was struck by it. The evidence showed: that the driver of the car usually wore glasses, but was not wearing them at this time; that the speedometer on the car was broken but that the speed was approximately "35 to 40 miles per hour"; that the driver did not see Mr. Ermentraudt until within 50 yards of him; that the driver sounded his horn but never applied his brakes; that the driver swerved his car to the left lane; that Mr. Ermentraudt was struck while in the left lane; that the driver of the car then went off the road on the left side, traveled several hundred yards in the ditch, and finally regained the

---

[*] One appellant was owner of the car and the other was the driver. It was admitted that if the driver be liable, the owner is also; so we refer to the driver as "appellant."

highway; and that the driver never stopped his car but went on home.

From all these facts, and others, we conclude that appellant's negligence and Mr. Ermentraudt's contributory negligence were issues for the jury. Such being true, the Trial Court was correct in refusing to give an instructed verdict for the appellants.

Affirmed.